**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

FILED
SEP 16 2005
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

MOBERLY SURGERY CENTER, L.L.C. )
)
Plaintiff, )
) 2:05CV00059 ERW
vs. )
) Civil Action No.__________
MOBERLY HOSPITAL, INC., )
D/B/A MOBERLY REGIONAL )
MEDICAL CENTER, )
) **JURY TRIAL DEMANDED**
Serve at: )
National Registered Agents Incorporated )
Registered Agent for Moberly Hospital, Inc. )
300-B East High Street )
Jefferson City, MO 65101 )
)
Defendant. )

**COMPLAINT**

COMES NOW Moberly Surgery Center, L.L.C. and for its Complaint against Moberly Hospital, Inc. d/b/a as Moberly Regional Medical Center states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Moberly Surgery Center, L.L.C. ("Moberly Surgery Center") is a Missouri limited liability company authorized to do business in Missouri. Its principal place of business is 2103 Silva Lane, Moberly, Randolph County, Missouri 65270.

2. Defendant Moberly Hospital, Inc. d/b/a Moberly Regional Medical Center ("Moberly Regional") is a Missouri general business corporation authorized to do business in Missouri.

3. This Court has subject matter jurisdiction over this action pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15, 28 U.S.C. § 1337, and pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

4. Venue is proper under Section 12 of the Clayton Act, 15 U.S.C. § 22, and under 28 U.S.C. § 1391 in that the Defendant resides in this district.

**BACKGROUND**

5. Moberly Surgery Center has spent substantial investments to operate an "ambulatory surgical center" pursuant to Section 197.200 et al., R.S.Mo., in Moberly.

6. "Ambulatory surgical center" is defined in Section 197.200, R.S.Mo., as:

> any public or private establishment operated primarily for the purpose of performing surgical procedures or primarily for the purpose of performing childbirths in which does not provide services or other accommodations for patients to stay more than twenty-three hours within the establishment, provided, however, that nothing in this definition shall be construed to include the offices of dentists currently licensed pursuant to Chapter 332, R.S.Mo.

7. Section 197.205, R.S.Mo., provides that no ambulatory surgical center may be operated within the State of Missouri without first obtaining a license from the Department of Health and Senior Services ("DHSS").

8. On December 4, 2004, Moberly Surgery Center filed its application with DHSS for a license to operate an ambulatory surgical center named "The Surgery Center of North Central Missouri."

9. On June 24, 2005, DHSS denied Moberly Surgery Center's application for a license based on its position that Moberly Surgery Center did not meet either of the alternative requirements of R.S.Mo. § 197.215(2), which states:

> surgical procedures shall be performed only by physicians ... who at the time are privileged to perform surgical procedures in at least one licensed hospital in the community in which the ambulatory surgical center is located, thus providing assurance to the public that patients treated in the center shall receive continuity of care should the services of a hospital be required;
>
> alternatively, applicants shall submit a copy of a current working agreement with at least one licensed hospital in the community in which the ambulatory surgical center is located, guaranteeing the transfer and admittance of patients for

emergency treatment whenever necessary.

10. DHSS stated that the reasons for its denial were that 1) "not all physicians planning to perform surgery at [Moberly Surgery Center] have hospital privileges to perform surgical procedures in a hospital located in the same community as [Moberly Surgery Center]" and 2) "neither does [Moberly Surgery Center] have a current working agreement with a hospital located in the community."

11. DHSS interprets "community" in terms of political subdivision boundaries, such as county lines. Moberly Regional is the only hospital in Randolph County and, therefore, has monopoly power in the hospital services market in Randolph County.

12. DHSS considers a "working agreement" to be something more than reliance on Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, which requires Moberly Regional to provide screening and stabilizing treatment to all emergency patients. DHSS held that the EMTALA obligations imposed on Moberly Regional are insufficient to constitute a "working agreement" between Moberly Surgery Center and Moberly Regional.

13. In making its determination, DHSS had before it Moberly Surgery Center's and Moberly Regional's exchange of correspondence documenting Moberly Regional's refusal to enter into a working agreement with Moberly Surgery Center.

14. Moberly Regional continues to refuse to enter into any such agreement with Moberly Surgery Center.

15. Moberly Regional is refusing to enter into a working agreement with Moberly Surgery Center for the wrongful purpose of preventing or limiting competition in the outpatient surgery market in Randolph County.

16. There is no legitimate justification for Moberly Regional's refusal to enter into a working agreement with Moberly Surgery Center. Moberly Regional's actions are motivated by their attempt to maintain a monopoly on medical services in their service area.

17. In an effort to mitigate its losses, on July 25, 2005, Moberly Surgery Center requested that DHSS resume the licensing process for The Surgery Center of North Central Missouri with the assurance that only those four physicians with admitting privileges at Moberly Regional will be performing surgery at this time. This limiting condition allows Moberly Surgery Center to satisfy the first of the two alternative requirements of R.S.Mo. § 197.215(2), as those provisions are currently interpreted by DHSS, that all of Moberly Surgery Center's physicians performing surgery have privileges in a hospital located in the same "community" as Moberly Surgery Center.

18. On August 3, 2005, DHSS issued license number 164-0 to The Surgery Center of North Central Missouri with the limiting condition "that only physicians performing surgical procedures at [the surgery center] will be those physicians who have admitting privileges at Moberly Regional."

19. Moberly Surgery Center is not a viable market participant with only four physicians. The license issued August 3, 2005 provides only partial and temporary relief for Moberly Surgery Center and was pursued by Moberly Surgery Center to mitigate its ongoing losses. Moberly Surgery Center is a viable market participant only when licensed without limitation which is only possible if it has a working agreement with Moberly Regional.

20. Moberly Regional's actions have caused Moberly Surgery Center injury because its actions have effectively destroyed Moberly Surgery Center's ability to operate an ambulatory

surgical center in Randolph County. As a result, Moberly Surgery Center has incurred damages, including, but not limited to, loss of investment, loss of revenue, and loss of profits.

21. Section 2 of the Sherman Act states that it is a violation of law to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States or with foreign nations . . .." 15 U.S.C. § 2.

22. Additionally, Section 416.031(2), R.S.Mo., states that "[i]t is unlawful to monopolize, attempt to monopolize, or conspire to monopolize trade or commerce" in Missouri.

**COUNT I - VIOLATION OF 15 U.S.C. § 2 - MONOPOLIZATION**

23. Moberly Surgery Center incorporates paragraphs 1 through 22 as if fully set forth herein.

24. Moberly Regional has monopoly power in the general inpatient acute care hospital services market in Randolph County as it is the only provider of those services in Randolph County. The geographic market of Moberly Regional's monopoly is Randolph County.

25. Through its actions as described above, Moberly Regional is using its monopoly power in the general inpatient acute care hospital services market in Randolph County to gain a competitive advantage and/or to prevent competition in the outpatient surgery services market in Randolph County.

26. There is a dangerous probability of success that Moberly Regional's behavior will cause it to gain and/or maintain its monopoly power in the outpatient surgery services market in Randolph County in that Moberly Regional is currently the only surgery provider in Randolph County. Further, (as interpreted by DHSS) Section 197.215 presents a significant entrance

barrier to the outpatient surgery services market in Randolph County because Moberly Regional, a competitor and sole existing service provider, controls who does or does not receive a license to operate an ambulatory surgical center in Randolph County.

27. Moberly Regional, through its actions, has willfully acquired and maintained monopoly power in the outpatient surgery services market in Randolph County in that it is the only provider of surgery services in Randolph County.

28. By its actions, Moberly Regional currently has the power to control prices for outpatient surgery services in Randolph County.

29. Further, through its refusal to enter into working agreements with ambulatory surgical centers, Moberly Regional has the power to deny third parties the ability to receive a license to operate an ambulatory surgical center in Randolph County, and therefore, Moberly Regional has the power to exclude competition in the outpatient surgery market in Randolph County.

30. Through its control of the only hospital in Randolph County, Moberly Regional controls an essential facility.

31. Moberly Surgery Center is not able, practically or economically, to duplicate Moberly Regional's hospital.

32. Moberly Regional has wrongfully and without justification refused to allow Moberly Surgery Center to use Moberly Regional's facility/hospital to transfer and admit Moberly Surgery Center's patients when emergency treatment is necessary by refusing to enter into a working agreement with Moberly Surgery Center.

33. It is economically and technically feasible for Moberly Regional to enter into a working agreement with Moberly Surgery Center to allow Moberly Surgery Center to use the hospital to transfer and admit patients when emergency treatment is necessary.

**COUNT II - VIOLATION OF 15 U.S.C. § 2 - ATTEMPTED MONOPOLIZATION**

34. Moberly Surgery Center incorporates paragraphs 1 through 33 as if fully set forth herein.

35. Moberly Regional's conduct in refusing to enter into a working agreement with Moberly Surgery Center is predatory and anti-competitive conduct.

36. Moberly Regional's actions as above stated are done with the specific intent to destroy competition and to monopolize the outpatient surgery market in Randolph County.

37. Through its refusal to enter into a working agreement with Moberly Surgery Center, Moberly Regional has a dangerous probability of achieving monopoly power in the outpatient surgery services market in Randolph County in that Moberly Regional is currently the only surgery services provider in Randolph County. Further, as interpreted by DHSS, Section 197.215 presents a significant entrance barrier to the outpatient surgery services market in Randolph County because Moberly Regional, a competitor and sole existing service provider, controls who does or does not receive a license to operate an ambulatory surgical center in Randolph County.

**COUNT III - VIOLATION OF R.S.Mo. § 416.031(2) - MONOPOLIZATION**

38. Moberly Surgery Center incorporates paragraphs 1 through 37 as if fully set forth herein.

39. Moberly Regional has monopoly power in the general inpatient acute care hospital services market in Randolph County as it is the only provider of those services in Randolph County.

40. Through its actions as described above, Moberly Regional is using its Monopoly power in the general inpatient acute care hospital services market in Randolph County to gain a competitive advantage and/or to prevent competition in the outpatient surgery services market in Randolph County.

41. There is a dangerous probability of success that Moberly Regional's behavior will cause it to gain and/or maintain a monopoly power in the outpatient surgery services market in Randolph County in that Moberly Regional is currently the only surgery provider in Randolph County. Further, (as interpreted by DHSS) Section 197.215 presents a significant entrance barrier to the outpatient surgery services market in Randolph County because Moberly Regional, a competitor and sole existing service provider, controls who does or does not receive a license to operate an ambulatory surgical center in Randolph County.

42. Moberly Regional, through its actions, has willfully acquired and maintained monopoly power in the outpatient surgery services market in Randolph County in that it is the only provider of surgery services in Randolph County.

43. By its actions, Moberly Regional currently has the power to control prices for outpatient surgery services in Randolph County.

44. Further, through its refusal to enter into working agreements with ambulatory surgical centers, Moberly Regional has the power to deny third parties the ability to receive a license to operate an ambulatory surgical center in Randolph County, and therefore, Moberly

Regional has the power to exclude competition in the outpatient surgery market in Randolph County.

45. Through its control of the only hospital in Randolph County, Moberly Regional controls an essential facility.

46. Moberly Surgery Center is not able, practically or economically, to duplicate Moberly Regional's hospital.

47. Moberly Regional has wrongfully and without justification refused to allow Moberly Surgery Center to use Moberly Regional's facility/hospital to transfer and admit Moberly Surgery Center's patients when emergency treatment is necessary by refusing to enter into a working agreement with Moberly Surgery Center.

48. It is economically and technically feasible for Moberly Regional to enter into a working agreement with Moberly Surgery Center to allow Moberly Surgery Center to use the hospital to transfer and admit patients when emergency treatment is necessary.

**COUNT IV - VIOLATION OF R.S.Mo. § 416.031(2) - ATTEMPTED MONOPOLIZATION**

49. Moberly Surgery Center incorporates paragraphs 1 through 48 as if fully set forth herein.

50. Moberly Regional's conduct in refusing to enter into a working agreement with Moberly Surgery Center is predatory and anti-competitive conduct.

51. Moberly Regional's actions as above stated are done with the specific intent to destroy competition and to monopolize the outpatient surgery market in Randolph County.

52. Through its refusal to enter into a working agreement with Moberly Surgery Center, Moberly Regional has a dangerous probability of achieving monopoly power in the outpatient surgery services market in Randolph County in that Moberly Regional is currently the

only surgery services provider in Randolph County. Further, (as interpreted by DHSS) Section 197.215 presents a significant entrance barrier to the outpatient surgery services market in the Moberly area because Moberly Regional, a competitor and sole existing service provider, controls who does or does not receive a license to operate an ambulatory surgical center in Randolph County.

**COUNT V - TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY**

53. Moberly Surgery Center incorporates paragraphs 1 through 52 as if fully set forth herein.

54. Moberly Surgery Center had a valid business expectancy that it would be able to receive a license and operate an ambulatory surgical center in Randolph County.

55. Moberly Surgery Center took steps in furtherance of its expectancy that it would be able to operate an ambulatory surgical center in Moberly, including, but not limited to, building a facility, employing staff, and purchasing equipment for its center.

56. Moberly Regional knew of Moberly Surgery Center's desire to operate an ambulatory surgical center in Moberly and of the actions Moberly Surgery Center was taking in furtherance of its desire.

57. Moberly Regional, through its refusal to enter into a working agreement with Moberly Surgery Center, intentionally interfered with Moberly Surgery Center's justified expectancy that it would be able to operate an ambulatory surgical center in Randolph County.

58. Moberly Regional's actions are without justification, are wanton, malicious, and oppressive.

59. As a direct and proximate result of Moberly Regional's actions, Moberly Surgery Center has suffered damages including, but not limited to, loss of investment, loss of revenue, and loss of profits.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Moberly Surgical Center respectfully requests that the Court enter a judgment:

1. For actual damages according to proof ;

2. For treble damages pursuant to 15 U.S.C. § 15 on Counts I and II and pursuant to R.S.Mo. § 416.121.1(1) on Counts III and IV and for punitive damages on Counts V;

3. For costs of suit and reasonable attorneys' fees as provided by statute;

4. For an injunction temporarily and permanently barring Defendant Moberly Regional from engaging in such anticompetitive activity and requiring Moberly Regional. to enter into a working agreement with Moberly Surgical Center upon such terms that are just and reasonable;

5. For interest; and

6. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-2.04, Plaintiff Moberly Surgical Center demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: September 15, 2005

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: Theresa A Phelps

Richard B. Walsh, #4635
Theresa A. Phelps, #498743

500 N. Broadway, Suite 2000
St. Louis, MO 63102-2147
(314) 444-7600 (telephone)
(314) 241-6056 (facsimile)

Attorneys for Plaintiff
Moberly Surgery Center, L.L.C.